UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michelle Gilmore & Michael Gilmore<br>Individually & as h/w<br>117 E. Chelton Rd.<br>Brookhaven, PA 19015<br><br>      Plaintiffs,<br>v.<br><br>Brant Bickel<br>d/b/a Jos. A. Bank<br>6380 Rogerdale Rd.<br>Houston, TX 77072-1624<br><br>And<br><br>Jos. A. Bank<br>d/b/a The Men's Wearhouse, Inc.<br>6380 Rogerdale Rd.<br>Houston, TX 77072-1624<br><br>And<br><br>The Men's Wearhouse, Inc.<br>d/b/a Jos. A. Bank<br>6380 Rogerdale Rd.<br>Houston, TX 77072-1624<br><br>And<br><br>John Does 1-10<br><br>      Defendants. | NO.:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331 and diversity conferred by 28 U.S.C. §1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

3. All conditions precedent as to the below causes of action have been satisfied. (Exh. A).

## II. Parties

4. Plaintiffs, Michelle Gilmore and Michael Gilmore are adult individuals residing at the above-captioned address.

5. Defendant, Brant Bickel, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, The Men's Wearhouse, Inc., a corporation by virtue of the laws of the State of Texas, doing business as Defendant, Jos. A. Bank ("JAB"), maintaining a principal place of business at the above captioned address.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were principals, supervisors, agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

## III. Operative Facts

7. Around February 2013, Plaintiff, Michelle Gilmore, was hired by Defendant, JAB. Plaintiff is an African-American female.

8. Around March 2013, Defendant, Brant Bickel became store manager and Plaintiff's direct supervisor.

9. Plaintiff immediately noticed that when an African-American customer would enter her store, Bickel would say, "Why is this place so ghetto," or other racist epithets and gestures. Bickel also made "jokes" about customers with Muslim names.

10. Another employee at the store of African-American decent was named Sonia Kabia. When an African-American customer would enter the store, Bickel would often say, "That is Sonia's people," and laugh.

11. Bickel also spoke to Plaintiff about the way another female employee dressed. Bickel said, "She just lets it all hang out (her stomach and breast area), and I can't take looking at it anymore." Then, Bickel asked Plaintiff to take the other employee shopping with her. Bickel added, "If you tell her I said this I will deny it."

12. Another day, Bickel talked about the same female employee to Plaintiff, stating, "I am glad she is off cause now my chair can get a rest." When Plaintiff asked what Bickel was talking about, Bickel responded, "(Her) fat butt is not here to sit there" (referring to the desk and chair in the back of the store where employees sit and help customers with tuxedo orders).

13. Around April 2013, Plaintiff confronted Bickel about his hostile attitude and also asked Bickel if she could work more hours at the store. Bickel apologized but did not respond to Plaintiff's request to work more hours.

14. Around the end of April, Plaintiff called Bickel's corporate manager, Defendant, John Doe to report Bickel's racist behavior. Plaintiff also asked again about working more hours. The phone call was disconnected after about 10 minutes and Plaintiff was unable to reconnect with the person she had been speaking with.

15. Around May, another Defendant, John Doe, corporate representative called Plaintiff to follow up about her earlier report. Plaintiff repeated what she said several weeks earlier.

16. The harassment was pervasive and regular because it was happening on a daily basis.

17. On or about May 16, 2013, Plaintiff quit because the hostile work environment became unbearable.

18. Plaintiff was detrimentally affected because Brant Bickel's behavior caused her pain and suffering, including emotional distress and embarrassment and economic loss(es), including lost opportunity(ies).

## COUNT I
## 42 U.S.C.A. § 2000E-2, et seq., AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991 [Title VII]

19. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

20. At all times material, Plaintiff was fully qualified and competently performed her duties.

21. At all times material, Defendants discriminated against Plaintiff based on race.

22. Defendants' gave no reasons for not increasing Plaintiff's working hours.

23. Defendants' conduct caused Plaintiff harm.

## COUNT II
## 42 U.S.C.A. § 2000 E-3(A), AS AMENDED BY THE CIVIL RIGHTS ACT 1991 [Title VII]

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

25. Defendants retaliated against Plaintiff for opposing the aforesaid discrimination and harassment in the workplace.

26. Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
## 43 P.S. § 951, et seq. – PENNSYLVANIA HUMAN RELATIONS ACT

27. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

28. Defendants' discriminatory actions aforesaid also violated the PHRA.

29. Defendant, Bickel, in conspiracy with and/or by aiding and abetting Defendants, John Does, in the doing of unlawful discriminatory practices – specifically, discriminating against Plaintiff, and perhaps others like Plaintiff, because of her race.

30. Plaintiff suffered harm due to Defendants' conduct.

## COUNT IV
## LOSS OF CONSORTIUM

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

32. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

33. All the aforesaid injuries and damages were caused solely and proximately by the Defendants.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Reinstatement to her employment position;
   b. Lost wages, lost earning capacity, front pay, back pay and other economic damages;
   c. Damages, including;
      i. Actual and Compensatory damages;
      ii. Punitive Damages; and
      iii. Attorney's fees and costs.

WEISBERG LAW

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs